IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| V. | §   No. 3:13-cr-357-B (01) |
| | § |
| BARRY BAYS, | § |
| | § |
| Defendant. | § |

**MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR
LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Defendant Barry Bays, through his currently retained counsel, has filed a motion for leave to proceed *in forma pauperis* ("IFP") on appeal, *see* Dkt. No. 502, which United States District Judge Jane J. Boyle has referred the to the undersigned magistrate judge for hearing, if necessary, and determination, *see* Dkt. No. 504. As ordered, *see* Dkt. No. 507, Bays has supplemented his IFP motion, with an affidavit of his current counsel specifying Bays's appellate ground and basis for appeal, *see* Dkt. No. 508. The Court GRANTS the IFP motion for the reasons explained below.

In this circuit, "[a] movant seeking leave to proceed IFP on appeal in a civil case must show that he is a pauper and that the appeal raises nonfrivolous issues. A movant seeking leave to proceed IFP in a criminal case must make the same showing." *United States v. Torres*, 450 F. App'x 361, 362 (5th Cir. 2011) (per curiam) (respectively citing *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982); *United States v. Boutwell*, 896 F.2d 884, 888-90 (5th Cir. 1990) (one-judge order circulated to entire court)); *cf. United States v. Ramirez*, 429 F. App'x 400, 401 (5th Cir. 2011) (per curiam) ("Insofar as Ramirez argues that the district court erred by applying 28 U.S.C. § 1915 to his IFP motion[ – related to his appeal of the district court's denial of his motion under Federal

Rule of Criminal Procedure 35 – ]he is wrong. Ramirez's request for IFP status will be granted if he is unable to pay the costs of the appeal and the appeal is taken in good faith. § 1915(a)(1), (3)." (citing *Boutwell*, 896 F.2d at 888-90)); *contra United States v. Osuna*, 141 F.3d 1412, 1415 (10th Cir. 1998) ("The determination of the frivolousness of a direct criminal appeal is the responsibility of the court of appeals in its determination on the merits of the appeal. To reiterate, the standards of 28 U.S.C. § 1915 do not apply to applications to proceed without prepayment of fees and costs, or for appointment of counsel, in direct criminal appeals.").

In *Boutwell*, the court of appeals warned

> that absent a statement of sufficient specificity to enable the court to make a clear determination of the basis for the defendant's appeal, we give great deference to the district court's determination of frivolousness. We will no longer search for, nor create, a ground upon which a defendant's appeal might be considered non-frivolous, and, having no other guidance as to what the defendant might have meant, grant his appeal for fear of denying some valid claim that may be buried somewhere in vague words. Such a basis must be made plain in the motions and any relevant facts must be set forth.

896 F.2d at 890; *accord* FED. R. APP. P. 24(a)(1) (with exceptions, the motion for leave to appeal IFP filed in the district court must include an affidavit that "states the issue the party intends to present on appeal").

The motion for leave to proceed *in forma pauperis* on appeal filed on April 30, 2015 relates that Bays "is financially destitute" and "does not have any money to pay any appeal fees." Dkt. No. 502 at 1. Bays's affidavit in support of the motion provides that he has been incarcerated for the last six months; was last employed in August 2013; has received no income from any other source in the last 12 months; and neither has funds in a checking or savings account nor assets – such as real estate, stocks or

bonds, or automobiles or boats – which could be liquidated to fund his appeal. *See id.* at 3-4.

Counsel's affidavit in support of the IFP motion filed May 11, 2015 informs the Court that Bays's "appeal will likely be based on the impermissible scientific evidence introduced at trial. Specifically, the government proffered the testimony of two DEA scientists that, literally, violated every single factor of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)." Dkt. No. 508 at 3; *cf. McGarrah v. Alford*, ___ F.3d ___, No. 14–10618, 2015 WL 1741101, at *1 (5th Cir. Apr. 17, 2015) (per curiam) ("By failing to provide argument that addresses the basis of the district court's dismissal, McGarrah has failed to adequately present any argument for this court's consideration. He has thus failed to establish that he will raise a nonfrivolous issue for appeal."); *accord Clark v. Oklahoma*, 468 F.3d 711, 713, 715 (10th Cir. 2006).

Because there has been a satisfactory showing "that [Bays] is a pauper and that the appeal [will] raise[ a] nonfrivolous issue[]," *Torres*, 450 F. App'x at 362, the Court GRANTS Bays's motion for leave to proceed *in forma pauperis* on appeal [Dkt. No. 502].

SO ORDERED.

DATED: May 12, 2015

  _____
  DAVID L. HORAN
  UNITED STATES MAGISTRATE JUDGE