UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:13-CR-0357-B-1 |
| | § | |
| BARRY BAYS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant Barry Bays's Motion for Compassionate Release (Doc. 671) and "Motion Requesting the Submittle of Affidavite from Pertitoiners Parents for Support" (Doc. 682). For the reasons that follow, both motions are **DENIED WITHOUT PREJUDICE**.

## I.

## BACKGROUND

A jury found Barry Bays guilty of conspiracy to defraud the United States and conspiracy to commit mail fraud. Doc. 653, J. on Resentencing, 1. At a resentencing hearing on February 6, 2020, the Court sentenced Bays to 300 months in prison and three years of supervised release. *Id.* at 2–3. He filed a notice of appeal of the conviction, judgment, and sentence on February 21, 2020. *See* Doc. 655, Notice of Appeal, 1. That appeal remains pending.

Bays is currently forty-nine years old with a statutory release date of January 17, 2035.[1] Bays's designated facility is the Yazoo City United States Prison located in Yazoo City, Mississippi, but he

---

[1] The Bureau of Prisons' (BOP) inmate locator information can be found on the BOP's website, https://www.bop.gov/inmateloc/.

states in his motion that he is currently housed at the Federal Transfer Center (FTC) Oklahoma City located in Oklahoma City, Oklahoma. Doc. 671, Def.'s Mot., 1. As of September 3, 2020, FTC Oklahoma City has sixty-four cases of COVID-19 among its inmates and three among the prison staff.[2]

Bays seeks compassionate release, or home confinement in the alternative, based on his risk of contracting and developing a severe infection from COVID-19. *See* Doc. 671, Def.'s Mot., 1. In support of his request, Bays invokes the Court's authority under 18 U.S.C. § 3582(c). *Id.* at 2. According to Bays, FTC Oklahoma City is a "designated [quarantine] facility," which increases his likelihood of contracting COVID-19. *Id.* at 8. Bays states that he is especially susceptible to severe infection should he contract the virus because he has asthma, chronic obstructive pulmonary disease (COPD), and "other high[-]risk respiratory issues." *Id.* The Government responded to Bays's motion primarily arguing that, because Bays's appeal of his sentence is pending, this Court is divested of jurisdiction over aspects of the case relating to Bays's sentence. Doc. 673, Gov't's Resp., 1. Following the Government's response, Bays filed an addendum to his motion (Doc. 680); the Court construes it as a motion for leave to file a reply and grants it. *See* N.D. Tex. Loc. Crim. R. 47.1(f) ("Reply briefs may not be filed [in criminal matters] unless the moving party requests, and the presiding judge grants, leave to do so."). In his reply, Bays does not dispute that his appeal of his sentence is pending, nor does he respond to the Government's jurisdictional argument. *See generally* Doc. 680, Def.'s Reply.

On September 1, 2020, Bays filed a motion he styled as a "Motion Requesting the Submittle

---

[2] The BOP's coronavirus statistics can be found on the BOP's website, https://www.bop.gov/coronavirus/.

of Affidavite from Pertitioners Parents for Support" (Doc. 682). The motion notes that Bays's parents mailed to the Court an "affidavit[]" in support of Bays's compassionate release motion. Doc. 682, Def.'s Mot., 1.[3] Appended to the motion is another document purportedly written by Bays's parents supporting Bays's compassionate release motion. *Id.* at 4–5. The motion asks the Court to consider these filings in ruling on Bays's compassionate release motion. *See id.* at 2.

Because the Court finds that it lacks jurisdiction over Bays's compassionate release motion at this time, the Court **DENIES** both of Bays's motions **WITHOUT PREJUDICE** to refiling when the Court regains jurisdiction.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

However, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those

---

[3] The Court received the filing to which Bays refers on August 18, 2020, and it is filed on the docket in this case. *See* Doc. 677, Aff., 1.

aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). And "an appeal of a judgment determining the entire action divests the district court of jurisdiction, while that appeal is pending, over any further matters for that action, 'except in aid of the appeal or to correct clerical errors.'" *United States v. Pena*, 713 F. App'x 271, 272–73 (5th Cir. 2017) (per curiam) (quoting *Nicol v. Gulf Fleet Supply Vessels, Inc.*, 743 F.2d 298, 299 (5th Cir. 1984)). Under the Federal Rules of Criminal Procedure, if a court lacks authority to grant a motion because of a pending appeal, the court may: "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37(a). The advisory committee "anticipate[d] that Criminal Rule 37 [would] be used primarily if not exclusively for[, *inter alia*,] . . . motions under 18 U.S.C. § 3582(c)." Fed. R. Crim. P. 37(a) advisory committee's note to 2012 adoption.

## III.

## ANALYSIS

The Court lacks jurisdiction over Bays's compassionate release motion because Bays asks the Court to reduce his sentence, a matter over which the Court of Appeals for the Fifth Circuit currently has jurisdiction.[4] Indeed, "only one court at a time has jurisdiction over a subject," *United States v. Lucero*, 755 F. App'x 384, 387 (5th Cir. 2018) (per curiam) (cleaned up and quoting *United*

---

[4] To the extent Bays's motion seeks home confinement in the alternative, the Court does not consider such a request. *See United States v. Sneed*, 63 F.3d 381, 388 n.6 (5th Cir. 1995) (noting that "request[s] for home confinement . . . are properly directed to the [BOP]"); *United States v. Miller*, 2020 WL 2514887, at *1 (N.D. Tex. May 15, 2020) ("[N]either the CARES Act nor the First Step Act authorizes the court to release an inmate to home confinement." (citation omitted)).

*States v. McHugh*, 528 F.3d 538, 540 (7th Cir. 2008)), and Bays's notice of appeal establishes that Bays has appealed his sentence. *See* Doc. 655, Notice of Appeal, 1(stating that Bays appeals the "order of the district court imposed on February 6, 2020 . . . sentencing [him] to an aggregate term of imprisonment of 300 months"). Though no court in this district has been presented with the argument that it lacks jurisdiction over a motion for compassionate release under § 3582(c)(1)(A) due to a pending direct appeal, most lower courts[5]—including lower courts within the Fifth Circuit—that have faced the issue have held that the pendency of such an appeal divests the district court of jurisdiction over the motion. *See United States v. Rankin*, 2020 WL 5083864, at *2 (S.D. Miss. Aug. 26, 2020) ("Rankin is cautioned that, should he ever refile this Motion [for compassionate release] while his appeal [of the denial of his § 2255 motion] remains outstanding, the Court will remain divested of jurisdiction. In that event, the Court is constrained by the three courses of action listed in Fed. R. Crim. P. 37(a) and does not have authority to grant a sentence reduction outright."); *United States v. Watts*, 2020 WL 3036545, at *2 (M.D. La. June 5, 2020) ("The Court agrees with the government that it lacks jurisdiction over the instant motion [for

---

[5] *See, e.g.*, *United States v. Pena*, — F. Supp. 3d —, 2020 WL 2798259, at *1 (D. Mass. May 29, 2020) ("Because Pena has appealed his sentence, and that appeal is pending, the court does not have jurisdiction to grant the Motion [for compassionate release] without a remand from the First Circuit."); *United States v. Johnson*, — F. Supp. 3d —, 2020 WL 3041923, at *7 n.7 (D.D.C. May 16, 2020) ("A motion to modify a prison term pursuant to section 3582(c) is not one of the two established exceptions to the divestiture of a district court's jurisdiction over a matter pending appeal . . . Thus, courts have consistently held that district courts lack authority to grant motions for compassionate release pursuant to section 3582(c) while an appeal is pending." (collecting cases)); *United States v. Walls*, — F. Supp. 3d —, 2020 WL 1934963, at *2 (E.D. Mich. Apr. 22, 2020) ("This Court lacks jurisdiction over the defendant's present motion [for compassionate release] because the requested relief involves matters related to the merits of defendant's appeal. A pending appeal that involves a defendant's sentence deprives a district court of jurisdiction to rule on the defendant's motion for compassionate release." (citation omitted)); *United States v. Vigna*, — F. Supp. 3d —, 2020 WL 1900495, at *3 (S.D.N.Y. Apr. 17, 2020) (finding no authority to decide § 3582(c)(1)(A) motion while direct appeal of sentence was pending and denying it without prejudice under Rule 37(a)).

compassionate release] because [the defendant's] appeal is still pending before the Fifth Circuit. Therefore, the Court will exercise its second option under Rule 37(a) and deny the motion without prejudice to renew if this Court re-obtains jurisdiction."); *see also United States v. Gentry*, 2020 WL 2573246, at *1 (W.D. La. May 21, 2020) (finding no jurisdiction to consider motion for reconsideration of prior order denying compassionate release where defendant's appeal from same order was pending). *But see United States v. Lee*, 2020 WL 3490437, at * 2 (E.D. La. June 26, 2020) (denying § 3582(c)(1)(a) motion on exhaustion grounds where appeal of sentence was pending); *United States v. Collins*, 2020 WL 1929844, at *1 (W.D. La. Apr. 20, 2020) (finding jurisdiction over § 3582(c)(1)(A) motion where appeal of prior order denying sentence reduction on unrelated grounds was pending).

The Court agrees with the majority of other lower courts that it lacks jurisdiction over Bays's present motion because the requested relief involves his sentence—an aspect of this case that is currently before the Fifth Circuit. And because the Fifth Circuit currently possesses jurisdiction over Bays's sentence, this Court necessarily does not. The Court thus exercises its discretion under Federal Rule of Criminal Procedure 37(a) and **DENIES** Bays's compassionate release motion **WITHOUT PREJUDICE** to refiling when this Court regains jurisdiction. Because Bays's compassionate release motion is denied, so is his motion asking the Court to consider the various submissions by his parents in support of compassionate release.

## IV.
## CONCLUSION

Because the Court lacks jurisdiction over Bays's Motion for Compassionate Release (Doc. 671) while Bays's sentence is on appeal, both it and Bays's related "Motion Requesting the Submittle

of Affidavite from Pertitoiners Parents for Support" (Doc. 682) are **DENIED WITHOUT PREJUDICE**. Bays may renew both motions when the Court regains jurisdiction.

**SO ORDERED.**

**SIGNED: September 8, 2020.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE